## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF KENTUCKY
### SOUTHERN DIVISION
### at LONDON

Civil Action No. 13-71-HRW

DEANNA LYNN LEAL,                                          **PLAINTIFF,**

v.            **MEMORANDUM OPINION AND ORDER**

CAROLYN COLVIN,
**COMMISSIONER OF SOCIAL SECURITY,**           **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits and supplemental security income benefits on March 30, 2011, alleging disability beginning on March 14, 2011, due to chronic liver disease, depression, diverticulitis, hepatitis C, cirrhosis and colitis (Tr. 221). This application was denied initially and on reconsideration. On May 8, 2012, an administrative hearing was conducted by Administrative Law Judge Tommye Mangus (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Julian Nadolsky, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On May 30, 2012, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 13-20). Plaintiff was 51 years old, the date of the ALJ's hearing decision (Tr. 20, 30). Plaintiff has a GED and can communicate in English (Tr. 30, 220). She previously worked as a supervisor of switchboard operators, administrative assistant, telephone solicitor, cashier, and security guard (Tr. 48).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 15).

The ALJ then determined, at Step 2, that Plaintiff suffers from lumbar spine degenerative disc disease, which he found to be "severe" within the meaning of the Regulations (Tr. 15-18).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 18).

The ALJ further found that Plaintiff could return to her past relevant work (Tr. 20) and further found that she has the residual functional capacity ("RFC") to perform the full range of medium level work (Tr. 18).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 20).

Accordingly, the ALJ found Plaintiff not to be disabled.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on.

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 12 and 15] and this matter is ripe for decision.

## II. ANALYSIS

### A.    Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may

not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility."
*Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).
Finally, this Court must defer to the Commissioner's decision "even if there is substantial
evidence in the record that would have supported an opposite conclusion, so long as substantial
evidence supports the conclusion reached by the ALJ." *Key v. Callahan*, 109 F.3d 270, 273 (6th
Cir.1997).

### B.     Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the
ALJ failed to find her IBS, diverticulitis and bowel problems "severe" at Step 2;  (2) the ALJ
erred in not ordering a consultative exam; (3) the ALJ did not consider the effects of Plaintiff's
obesity and (4) the ALJ did not afford appropriate weight to the various medical opinions in the
record.

### C.     Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ failed to find her IBS, diverticulitis and
bowel problems "severe" at Step 2.

Step two is " 'a de minimis hurdle' " that a claimant clears unless the impairment is only
" 'a slight abnormality that minimally affects work ability.' " *Anthony v. Astrue*, 266 Fed.Appx.
451, 457 (6th Cir.2008) (quoting *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir.1988)). However,
once any one impairment is found to be severe, the ALJ must consider both severe and nonsevere
impairments in the subsequent steps. *Id.* Therefore, because the ALJ found that Plaintiff has a
severe impairment, he proceeded to complete steps three through five of the analysis. It then
became "legally irrelevant" that her other impairments were determined to be not severe. *Id.*;

4

*Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir.1987). Thus, Plaintiff's claim that the ALJ erred is without merit.

Plaintiff's second claim of error is that the ALJ erred in not ordering a consultative exam. It is axiomatic that the ALJ has an obligation to develop a full and fair record. This obligation is heightened and, indeed, rises to a special *duty* where a claimant is not represented by counsel or is otherwise unable to adequately present her case to the ALJ. *See Lashley v. Secretary of Health and Human Services*, 708 F.2d 1048, 1051 (6th Cir. 1983)(citations omitted). That is not the case here as Plaintiff was represented by counsel at all relevant times. There is no indication that the ALJ failed to consider evidence or otherwise deny Plaintiff a full and fair hearing. In fact, in his decision, the ALJ specifically discusses the various opinions of the treating and consultative physicians and the determination of Plaintiff's RFC reflects a thoughtful analysis of the same. Furthermore, Plaintiff's counsel could have arranged for an additional exam or requested further testimony from a medical expert but chose not to do so. Based upon the foregoing, the Court finds that the ALJ properly evaluated the opinions from Plaintiff's medical sources, and articulated an adequate rationale for her residual functional capacity determination. There is no error in this regard.

The third error alleged by Plaintiff is that the ALJ did not consider the effects of Plaintiff's obesity. However, there is no evidence in the record that the fact that Plaintiff is obese impairs her functioning. It is Plaintiff who bears the burden of demonstrating that her obesity limited her ability to perform work activity. She has not.

Finally, Plaintiff contends that the ALJ did not afford appropriate weight to the various medical opinions in the record.

"In order to determine whether the ALJ acted properly in disagreeing with a medical source, we must first determine the medical source's classification," *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 514 (6th Cir.2010), as "not all medical sources need be treated equally," *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875 (6th Cir.2007). The Social Security regulations classify "acceptable medical sources into three types: nonexamining sources, nontreating (but examining) sources, and treating sources." *Id.* at 875. Generally, more weight is given to the medical "opinion of a source who has examined [the claimant] than to the opinion of a source who has not examined [the claimant]." 20 C.F.R. § 404.1527(c)(1); *see also Norris v. Comm'r of Soc. Sec.*, 461 Fed.Appx. 433, 439 (6th Cir.2012) (noting that a nonexamining source's opinion is given less deference than an examining (but not treating) source's opinion, which is given less deference than a treating source). In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985). "In appropriate circumstances, opinions from State agency medical and psychological consultants ... may be entitled to greater weight than the opinions of treating or examining sources." SSR 96–6p, 1996 WL 374180, at *3. One such instance is where the "[s]tate agency medical or psychological consultant's opinion is based on a review of a complete case record that includes a medical report from a specialist in the individual's particular impairment which provides more detailed and comprehensive information than what was available to the individual's treating source." *Id.* "The more a medical source

6

presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight [the ALJ] will give that opinion." 20 C.F.R. § 404.1527(c)(3). Generally, more weight is given to opinions that are "more consistent ... with the record as a whole," *id.* § 404.1527(c)(4), and opinions of "a specialist about medical issues related to his or her area of specialty." *Id.* § 404.1527(c)(5).

The record in this case contains two treating source opinions. The first, an April 2012 letter from Dr. Van Zee, is a statement that Plaintiff is unable to work (Tr. 711). The second one is from Dr. Dye and is a medical assessment of Plaintiff's functional abilities (Tr. 674-76). The ALJ gave both opinions negligible weight (Tr. 19). The ALJ properly gave Dr. Van Zee's opinion negligible weight because it was not a medical opinion, but a statement of disability and a statement on an issue reserved for the Commissioner (Tr. 19). See 20 C.F.R. §§ 404.1527(d), 416.927(d) (statements of disability "are not medical opinions, ... but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability"). Although an ALJ will consider opinions from acceptable medical sources on such issues as whether a claimant is disabled or unable to work the Commissioner has the final responsibility for deciding these issues. The ALJ also properly gave Dr. Dye's opinion negligible weight because it was inconsistent with the clinical and diagnostic evidence. The reasons articulated by the ALJ are sufficient.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be

**SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 25th day of September, 2014.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge